**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**United States of America,**

       **Plaintiff/Respondent,**

**v.**                                          **Case No. 03-20051-JWL**

**Pauline Macias,**

       **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On August 21, 2003, Ms. Macias was charged in two counts of a nine-count Superseding Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine (Count 1) and maintaining a residence for the purpose of storing and distributing methamphetamine (Count 7). On May 4, 2004, Ms. Macias pled guilty to Count 1 of the Superseding Indictment. In the plea agreement executed by Ms. Macias, she waived her right to appeal the sentence imposed or challenge it through collateral attack. On July 12, 2005, the court sentenced Ms. Macias to a 97-month term of imprisonment. Judgment was entered the following day.

On July 19, 2006, Ms. Macias filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. In her motion, Ms. Macias asserts, among other things, that she was "denied the right of appeal." In response to Ms. Macias's motion, the government filed a request to enforce Ms. Macias's plea agreement and waiver of rights. In response to that request, Ms. Macias asserts, among other things, that she received ineffective assistance of counsel in that

her counsel failed to file a notice of appeal despite Ms. Macias's specific request that he do so. In light of the Tenth Circuit's decision in *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005) and Ms. Macias's assertion that she asked her attorney to file a notice of appeal, the court directed the United States to show good cause in writing why its motion to enforce the plea agreement should not be denied and/or why an evidentiary hearing should not be scheduled.

In response to the order to show cause, the government agrees that the court should hold an evidentiary hearing on the issue of whether Ms. Macias asked her attorney to file a notice of appeal. The government, however, urges the court on the record before it to summarily deny the remaining claims asserted by Ms. Macias in her § 2255 motion as those claims, according to the government, clearly fall within the scope of the waiver contained in Ms. Macias's plea agreement. The court declines to do so and believes that the appropriate procedure at this juncture is to retain under advisement (pending the evidentiary hearing) all claims asserted by Ms. Macias in her § 2255 motion as well as the United States' motion to enforce the plea agreement and waiver of rights. For if, after the hearing, the court determines that Ms. Macias did in fact request that her counsel file a notice of appeal and that she is entitled to a delayed direct appeal of her criminal sentence, then the Tenth Circuit (if it reaches the merits of Ms. Macias's appeal) should have the opportunity to resolve in the first instance any claims raised by Ms. Macias in her § 2255 motion (a motion that raises numerous claims in addition to ineffective assistance claims) that she may decide to raise on appeal. *See United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) ("[T]he orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is

still pending."); *see also United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Macias's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (doc. 450) is retained under advisement and the United States' motion to enforce Ms. Macias's plea agreement and waiver of rights (doc. 452) is retained under advisement pending an evidentiary hearing that will be scheduled by separate order.

**IT IS SO ORDERED** this 2nd day of January, 2007.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge